Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca. 94501
Tel: (510) 263-8664
Fax: (510) 272-9158

Attorney for Debtor
Benjamin S. Sison

# United States Bankruptcy Court

# Northern District of California

| | |
|---|---|
| In re: | Case No.: 19-30881 |
| Benjamin S. Sison | R.S. No. RS-001 |
| Debtor. | Chapter 13 |
| | **OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR IN REM RELIEF PURSUANT TO 11 U.S.C. 362(d)(4)** |
| | **Date:** September 19, 2019<br>**Time:** 1:00 p.m.<br>**Crtrm:** 19 |

1. **Introduction:**

Movant seeks relief under §362(d)(1) and (d)(4). The debtor filed this case pro se and just retained counsel late last week. The debtor owns multiple real properties with sufficient equity to protect the movant. In addition, the debtor has offered to make the ongoing mortgage payments.

2. **Argument:**

    a. **Standards for Stay Relief**

The Bankruptcy Code provides a procedure by which a creditor can seek relief from the continuation of the stay against his claim under 11 U.S.C. § 362(d).

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if--

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization;

While the term "adequate protection" is not defined in the Code, 11 U.S.C. § 361 sets forth three non-exclusive examples of what may constitute adequate protection: 1) periodic cash payments equivalent to decrease in value, 2) an additional or replacement lien on other property, or 3) other relief that provides the indubitable equivalent. In re Mellor, 734 F.2d 1396, 1400 (9th Cir. 1984)

Under the Bankruptcy Code, the burden of proof in stay litigation is governed by 11 U.S.C. §362(g), which provides:

"(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section --

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues. In re Kim, 71 B.R. 1011 (Bankr. C.D. Cal. 1987)" U.S.C. §362(g)

A creditor seeking relief from the automatic stay has the burden of producing evidence to make a prima facie case that the creditor is entitled to relief from stay. Id. at 1011

Movant alleges cause exists to lift the automatic stay. §362(d)(1). Because there is no clear definition of what constitutes "cause," discretionary relief from the stay must be determined on a case by case basis. In re Mac Donald, 755 F.2d 715, 717 (9th Cir. 1985). In this case, no particular cause is alleged other than the filing of the previous bankruptcy case and the instant bankruptcy. The Ninth Circuit has set fourth several factors that may be considered in deciding whether to grant relief, for cause, from an automatic stay. Those factors include:

1. Number of filings;

2. Whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors;

3. A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive . . . ;

4. The Debtor's overall good faith (totality of circumstances test);

5. Whether creditors knew of stay but nonetheless took action, thus compounding the problem;

6. Whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules;

7. The relative ease of restoring parties to the *status quo ante*;

8. The costs of annulment to debtors and creditors;

9. How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct;

10. Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief;

11. Whether annulment of the stay will cause irreparable injury to the debtor;

12. Whether stay relief will promote judicial economy or other efficiencies. In re Howell, No. SACV15-1883-CAS, 2016 U.S. Dist. LEXIS 178918, at 17-18 (C.D. Cal. Dec. 22, 2016)

      Here, the relief from stay cover sheet does not allege any post-petition defaults.

Further, debtor, through his current counsel, have offered to tender the September payment but the movant has not provided the requested information. This is a second filing, however the previous filing resulted in a confirmed plan. The alleged failure to obtain credit counseling pre-petition has been resolved.

b.      **Movant is Adequately Protected**

Although the existence of an equity cushion as a method of adequate protection is not specifically mentioned in §361, it is the classic form of protection for a secured debt justifying the restraint of lien enforcement by a bankruptcy court. In re Mellor 734 F.2d 1396 Id. An equity cushion is the classic form of protection for a secured debt, and its existence, standing alone, can provide adequate protection under the code. See In re Russell, 567 B.R. 833, 839 (Bankr. D. Mont. 2017). Equity cushion" has been defined as the value in the property, above the amount owed to the creditor with a secured claim, that will shield that interest from loss due to any decrease in the value of the property during time the automatic stay remains in effect. In re Mellor, 734 F.2d 1396, 1400 n.2 (9th Cir. 1984). It has been held that the existence of an equity cushion, standing alone, can provide adequate protection. Id. citing. In re San Clemente Estates, 5 Bankr. 605, 610 (B.Ct. S.D. Cal. 1980).

Although the existence of a junior lien may be relevant in determining "equity" under §362(d)(2), it cannot be considered in determining whether the interest of a senior lienholder is adequately protected. In re Mellor, 734 F.2d 1396, 1400-01 (9th Cir. 1984).

In this case, the debtor contends that movant is adequately protected by the equity in the real properties secured by movant's lien.

c.      **The Property Is Necessary for An Effective Reorganization**

If the creditor meets its burden, then the debtor shifts to the debtor to prove that the property is necessary for an effective reorganization and there is a reasonable possibility of a successful reorganization within a reasonable time. In re Bonner Mall Partnership, 2 F.3d 899,

902 (9th.Cir. 1993). A property is necessary if the debtor needs it in the operation of its business or to formulate a chapter 11 plan. See In re Koopmans, 22 B.R. 395, 407 (BC D Ut. 1982).

Effective reorganization is interpreted to mean a "reasonable" possibility of a successful reorganization within a reasonable time. United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 375-376, 108 S.Ct. 626, 633 (1988). Evidence that the debtor has not proposed a plan in months or years since the filing or has proposed a plan that is not feasible or otherwise confirmable may amount to proof that the is no realistic prospect for an effective reorganization. See In re Sun Valley Newspapers, Inc., 171 B.R. 71, 73-74 (9th.Cir.BAP 1994)

The debtor has filed a motion to convert this case to chapter 11. It appears to be undisputed that the movant is adequately protected by equity in the debtor's property. The debtor has already confirmed one plan and no evidence has been offered why the debtor cannot confirm another chapter 11 plan. As such, the property is necessary for an effective reorganization.

d. **The Creditor Has Not Established that 362(d)(4) Relief is Warranted**

To prevail on a motion for relief from the bankruptcy stay under 11 U.S.C.S. §362(d)(4)(A), a movant must prove the following elements: First, debtor's bankruptcy filing must have been part of a scheme. Second, the object of the scheme must be to delay, hinder, or defraud creditors. Third, the scheme must involve either (a) the transfer of some interest in the real property without the secured creditor's consent or court approval, or (b) multiple bankruptcy filings affecting the property. Lira v. Wells Fargo Bank N.A. (In re Lira), No. CC-14-1338-DKiBr, 2015 Bankr. LEXIS 2602, at 16 (B.A.P. 9th Cir. Aug. 4, 2015)

i. **Scheme**

Section 362(d)(4) does not define the term "scheme," but it has been held in this context to refer to "an artful plot or plan. Lira v. Wells Fargo Bank N.A. (In re Lira), No. CC-14-1338-DKiBr, 2015 Bankr. LEXIS 2602, at 16 (B.A.P. 9th Cir. Aug. 4, 2015)

Courts have identified the following circumstances as indicative of a scheme to hinder, delay, or defraud creditors: (1) the strategic filing of bankruptcy petitions to prevent collection; (2) multiple petitions by multiple parties; (3) lack of evidence of changed circumstances between bankruptcy filings; and (4) inability to fund a plan. Adame v. U.S. Bank Nat'l Ass'n, No. CV 18-9473-R, 2019 U.S. Dist. LEXIS 20228, at 6 (C.D. Cal. Feb. 5, 2019).

The debtor previously filed a chapter 11 in 2011 which resulted in a confirmed plan. On August 21, 2019 the debtor filed the above case pro se. The debtor has complied with the bankruptcy code and rules. While it is true that the debtor has had two bankruptcy filings, one was successful. cf In re Brown, No. 11-06998-8-JRL, 2011 Bankr. LEXIS 4419, at 5 (Bankr. E.D.N.C. Nov. 15, 2011) "Two filings alone, in the absence of other evidence, do not illustrate a scheme to defraud." Moreover, the fact that each case was filed just prior to the foreclosure sale is insufficient for granting 362(d)(4) relief. In re Fung, No. 16-40556, 2016 Bankr. LEXIS 4688, at 6 (Bankr. N.D. Cal. Apr. 14, 2016) "The timing of the filing alone, without evidence of multiple filings by this Debtor or other indicia of a scheme to delay, hinder, or defraud creditors, does not provide a basis for granting relief under §362(d)(4)."

This case was filed to preserve the debtor's equity in several real properties. Other than the fact there was a previously filing and the timing of the filing of this case, there has been no other evidence offered to indicate the debtor had the requisite scheme to delay, hinder, or defraud creditors. As such, movant has failed to meet its burden for relief under 362(d)(4).

Wherefore, debtor prays that relief from stay pursuant to §362(d)(1) and (d)(4) be denied.

Dated: September 16, 2019

/s/ Marc Voisenat
Marc Voisenat, Attorney
for debtor