Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca. 94501
Tel: (510) 263-8664
Fax: (510) 272-9158

Attorney for Debtor-In-Possession
Benjamin S. Sison

**United States Bankruptcy Court**

**Northern District of California**

| | |
|---|---|
| In re: | Case No.: 19-30881 |
| Benjamin S. Sison | Chapter 11 |
|         Debtor-In-Possession. | **STATUS CONFERENCE STATEMENT** |
| | Date: December 12, 2019<br>Time: 10:00 a.m.<br>Courtroom: 450 Golden Gate Avenue<br>16th Floor - Courtroom #19<br>San Francisco, Ca 94102 |

1.  **BUSINESS, FINANCIAL, AND OTHER PROBLEMS THAT PROMPTED FILING**

    The debtor owns real properties located at:

    a. 1421 Southgate Ave.\ 498 El Dorado Dr Daly City, CA 94015, (Rental Unit, corner lot),

    b. 5061-5063 Mission St. San Francisco, CA (Business Rental for Tolosa Sison Professional Corp. used by debtor's non-filing spouse Maria Sison),

    c. 7119-7121A-7121B Mission St. Daly City, CA 94014 (Business Rental for Tolosa Sison Professional Corp. used by Ms. Tolosa),

    d. 125 Francisco Dr. South San Francisco, California (Rental Unit),

    e. 57 Mandalay Place, So. S.F.(Residence) and

    f. 5059 Mission St. San Francisco, CA. (Parking Lot)

  The real properties located at 125 Francisco Dr. South San Francisco, California; 57 Mandalay Place, So. S.F. and 1421 Southgate; 5061-5063 Mission St, San Francisco are cross collateralized by SAMGI 8 LLC who is the current holder of a deed of trust.

  Prior to filing this case, the debtor was obligated to make certain payments to SAMGI 8 LLC under a previous confirmed chapter 11 plan. The debtor defaulted on his plan payments to this creditor and SAMGI 8 LLC moved forward with a foreclosure sale that was scheduled to take place before this case was filed.

**2. PROPOSED SCHEDULE FOR FILING AND CONFIMING PROPOSED PLAN**

  It is anticipated that within 90 days, the debtor will know how he wants to treat the claim of SAMGI 8 LLC. As such, the debtor would anticipate filing a plan and disclosure statement in March 2020.

**3. OUTLINE OF A PROPOSED PLAN**

  The main debt to be cured is the default owed SAMGI 8 LLC under the provisions of the previous chapter 11 plan. The real property located at 5059 Mission Street is a parking lot and is free and clear. The debtor is currently trying to determine the value to see if he can obtain financing to help him fund a plan.

  If the debtor is unable to refinance 5059 Mission Street, the debtor will propose a plan that cures the default over time. There has been a large priority tax claim filed by the IRS in the amount of $182,757.15 for an unfiled 2018 tax return. The debtor has completed his tax return for 2017 and 2018 and shows taxes owing in the amount of $20,000. The debtor will get his return filed so the IRS can file an amended claim. Debtor's plan will propose monthly

installments to cure the IRS priority claim before August 2024.

**4.     TYPES OF INSURANCE**

The debtor has real property insurance, life insurance, malpractice insurance and vehicle insurance.  All assets of the estate are insured.

**5.     ESTATES NEED FOR PROFESSIONALS**

The debtor has filed an application to have the undersigned employed as general counsel in this case.

**6.     POST PETITION OPERATIONS AND REVENUE**

The debtor is a wage earner who also received rents from his real properties and social security.  The debtor's wife is a 90% owner of Tolosa-Sison Professional Dental Corp., where she works as a dentist. The properties generate gross rental income of approximately $17,000.

**7.     STATUS OF LITIGATION PENDING IF ANY**

The debtor is not involved in any pending litigation.

**8.     THE DEBTOR(S)' ATTENDANCE AT A MEETING OF CREDITORS PURSUANT TO 11 U.S.C. § 341(A), AND COMPLIANCE WITH REQUESTS FOR INFORMATION FROM THE U.S. TRUSTEE (INCLUDING BUT NOT LIMITED TO REQUESTS MADE IN THE INITIAL DEBTOR INTERVIEWS);**

The debtor appeared at his meeting of creditors which was continued to December 10, 2019. The debtor supplied most if not all the requested documents to the UST.  Amended schedules will be filed prior to the status conference with the changes requested by the UST.

**9.     THE STATUS OF MONTHLY OPERATING REPORTS, DEBTOR−IN−POSSESSION (DIP) ACCOUNTS AND REQUIRED POST−PETITION PAYMENTS TO TAXING AUTHORITIES;**

The debtor has not yet filed his first operating report due November 21, 2019.  The debtor has opened a DIP account. No post-petition payment to any taxing authority has come due yet.

**10.    WHETHER THE DEBTOR HAS MET THE REQUIREMENTS FOR USING CASH COLLATERAL AND OBTAINING CREDIT;**

Counsel has contacted counsel for Capital Crossing regarding the rents for 5061-5063 Mission St. San Francisco, CA and 7119-7121A-7121B Mission St. Daly City, CA 94014 and debtor's counsel will prepare a stipulation for use of cash collateral. The other lenders have not yet appeared, and the debtor will submit the rents to the senior lien holders for each property.

If the debtor determines that he can refinance 5059 Mission Street, the debtor will file a motion to approve the financing. The debtor should know by January 2020 whether or not he can finance this property.

**11.  ORDERS ENTERED IN THE CASE GRANTING RELIEF FROM THE AUTOMATIC STAY, EXTENDING OR REFUSING TO EXTEND THE AUTOMATIC STAY OR DETERMINING THERE IS NO AUTOMATIC STAY IN EFFECT AS TO ANY OR ALL CREDITORS;**

On September 19, 2019, the Court entered a docket text Order in favor of SAMGI 8 LLC. The debtor is current under that order.

**12.  MOTIONS TO ASSUME OR REJECT ANY EXECUTORY CONTRACTS OR UNEXPIRED LEASES THAT HAVE BEEN OR ARE EXPECTED TO BE FILED;**

None expected

**13.  UNIQUE ISSUES CONCERNING SECURED DEBT, EMPLOYEES, CASH COLLATERAL, EXECUTORY CONTRACT, EXISTING MANAGEMENT**

Res Judicata - The debtor had previously confirmed a chapter 11 plan. In re Sison 11-34331 That plan is still in operation and the terms of that plan are still binding on all creditor even though the debtor has defaulted on certain obligations. "Upon default of a Chapter 11 plan, the parties in interest were not returned to their preconfirmation positions" United States v. Goff, No. CIV 02-342-E-MHW, 2005 U.S. Dist. LEXIS 49884, at 38 (D. Idaho Jan. 7, 2005) citing Am. Bank & Trust Co. v. United States (In re Barton Indus., Inc.), 159 B.R. 954, 961 (Bankr. W.D. Okla. 1993).

**14.  UNUSUAL DEVELOPMENTS OR EVENTS THAT HAVE OCCURRED OR ARE EXPECTED TO OCCUR IN THE CASE, AND ANY OTHER MATTERS THAT MIGHT MATERIALLY AFFECT THE ADMINISTRATION OF THIS CASE.**

The debtor may be close to completing the previous chapter 11 plan and if so, would be requesting a discharge which would result in the discharge of certain debts and the stripping of certain liens.

Dated: 12/5/2019

/s/ Marc Voisenat
Marc Voisenat, Attorney for
Debtor-In-Possession